**WILLIAM R. BURGENER**
State Bar Number 89508
1775 Hancock Street, Suite 285
San Diego, CA  92110
(619) 291-8565

Attorney for Defendant
CHRISTIAN GUTIERREZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR0727 |
|---|---|---|
| Plaintiff, | ) ) | POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: |
| vs. | ) ) | 1) COMPEL DISCOVERY |
| CHRISTIAN GUTIERREZ, | ) ) | 2) LEAVE TO FILE FURTHER MOTIONS |
|  | ) ) | DATE:  June 23, 2008 |
| Defendant. | ) ) | TIME:   2:00 PM |
|  | ) | JUDGE: Hon. Hayes |

**I.**

**REQUEST AND POINTS AND AUTHORITIES FOR DISCOVERY**

1/2.  Request No. 1 calls for production of those materials which are in the possession, custody or control of the government as is required by Rule 16(a) (1) (c). Request No. 2 expands the request to ask for production of materials known to the government or which by due diligence could become known.

In United States v. Gatto, F.2d (9th Cir. 6/14/85, Nos. 84-1121 and 1133), the court, over a dissent, held it was error for the district court to exclude documentary evidence first revealed to the defense about a month before the trial date but long after the date when discovery was

1

supposed to have been provided. The problem arose because the questioned evidence had been in the possession of state authorities until immediately prior to its being obtained by the government and revealed to the defense. The court ruled Rule 16(a)(1)(C) only requires the production of evidence within the government's <u>actual</u> possession or control. <u>But, cf.</u>, <u>Briggs v. Raines,</u> 652 F.2d 862, 865 (9th Cir. 1981) (holding that a victim's FBI records were within the constructive control of a state prosecutor because they were easily obtained by him). This in contrast to Rule 16(a)(1)(A) relating to a defendant's statements which contains a due diligence requirement thus requiring production of evidence within the <u>constructive</u> possession of the government. Since the evidence in question was not within the actual possession of the government until right before it was revealed to the defense, it was not subject to the provisions of Rule 16(a)(1)(C) and failure to produce it could not be sanctioned by exclusion under Rule 16(d)(2).

3. In <u>United States v. Gatto, supra</u>, the court left open the question of what individuals and agencies should be included within the term the "government." The court noted, however, that in <u>United States v. Trevino</u>, 556 F.2d 1265, 1271-1272 (5th Cir. 1977), the court "in dictum, included in that term the prosecutor and closely connected investigative agencies." (Slip.Op. 12.) The <u>Gatto</u> court also noted:

"(I)n <u>United States v. Bailleaux,</u> 685 F2d 1105, 1113-14 (9th Cir. 1982), we held that the prosecutor to produce copies of a defendant's statements that he did not actually possess if the FBI possessed them and the prosecutor could have learned about them by exercising due diligence. Similarly, in <u>United States v. Gillings</u>, 568 F.2d 1307, 1310 (9th Cir.) (per curium), <u>cert. denied,</u> 436 U.S. 919 (1978), we held that a prosecutor breached his duty to produce more timely a tape containing the defendant's statement that he should have obtained earlier from the

Internal Revenue Service." (Slip.Op. 13.)  Of course, in <u>Giglio v. United States,</u> 405 U.S. 150 (1972) and <u>Santibello v. New York,</u> 404 U.S. 257 (1971), the Supreme Court made clear that information possessed by one member of a prosecutor's office is to be deemed possessed by all members of that office.

   4/5. Fed. R. Evid. 705 authorizes the court to require that prior disclosure of facts or data upon which an expert bases his opinion be made.  This Court should exercise its discretion under Fed. R. Evid. 705 to require the government to produce the reports of and results of examinations by expert witnesses which are to be used or are known by the government.  Additionally, advance notice of any exhibits to be utilized by the experts are producible under Rule 16 (a)(1)(C).

   6/7.  Requests number 6 and 7 are authorized by Rule 16(a)(1)(A) as to an individual defendant's statements.  <u>See generally United States v.Bailleaux,</u> 685 F.2d 1105 (9th Cir. l982).

   8/9/10/11.  Here the defendant seeks revelation of any statement made by the defendant at any time and no matter whether or not the statement was made to a government agent.  In <u>United States v. Thevis</u>, 84 F.R.D. 47 (N.D. Ga. 1979), the court authorized the production of such statements.  The court held that Rule 116(a)(1)(A) was broad enough to encompass "statements of the defendant whether made directly to a government agent or to a third party who then makes a statement to the government in which the defendant's remarks are attributed and included in the third party's statement." <u>Id</u>. at 55.

   In <u>Thevis</u>, the court also rejected the argument that the Jencks Act, 18 U.S.C. 3500, bars disclosure of a defendant's statements.  "The statement of the defendant remains his statement, regardless of who reports, witnesses, of memorializes it...It does not become the statement of a

prospective government witness, solely because that witness reports the defendant's statement and attributes it to him." 84 F.R.D. at 55. However, "it is only the statement of the defendant which is discoverable, not the entire statement of the prospective government witness," id., and this is all the defendant seeks here.

Requests (i)-(v) merely require the government to give particulars respecting the requested discovery.

Request (vi) is authorized by United States v. Johnson, 525 F.2d 999(2nd Cir. l975) permitting discovery of a written summary of the defendant's oral statements contained in the handwritten notes of a government agent.

Request (vii) is authorized by United States v. Harris, 543 F.2d 1247 (9th Cir.1976) which held that notes of law enforcement officials regarding a defendant's statement are themselves discoverable if the statement is discoverable.

It must also be noted that disclosure of codefendant's statements should be required in order that compliance with Burton v. United States, 391 U.S. 128 (1968) can be had. Defendant severance or excision is required under Burton. Obviously, without access to the codefendant's statements the offended defendant has no way of making the appropriate motions.

12. Defendant cites United States v. Thevis, supra, in support of this request.

13. United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977) and United States v. Leichtfuss, 331 F.Supp. 723,736 (N.D.Ill. 1971) support the request that defendant be given the FBI and CII "rap sheets" of any potential witness for the government. The records requested here should also be deemed to include any juvenile adjudications of guilt of a crime. Davis v. Alaska, 415 U.S. 308 (1974).

14. Fed. R. Evid. 404(b) and 608(b) both allow cross-examination of a witness

respecting any specific instance of misconduct probative of untruthfulness or relevant to competency or credibility. Since such evidence would be exculpatory, well settled principles require disclosure of such evidence to the accused.

15. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, internal revenue service, court of claims, administrative, or other dispute with the United States or any state, county, or local governmental agency. E.g., People of Territory of Guam v. De la Rose, 644 F.2d 1257, 1259 (9th Cir. 1980) (testimony secured by promise not to prosecute in exchange for cooperation).

"Consideration" also encompasses any favorable treatment or recommendations with respect to criminal or civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activities including cash, vehicles, aircraft, rewards or fees, payment of witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," and everything else which arguably could reveal an interest, motive, or bias in the witness in favor of the government or against the defense, or act as an inducement to testify or to color testimony. See United States v. Butler, 567 F.2d 885, 888-889 (9th Cir. 1978).

16. See Davis v. Alaska, supra; United States v. Alvarez-Lopez, supra; United States v. Dutton, 542 F.2d 1291 (4th Cir. 1976).

17. See United States v. Alvarez-Lopez, supra; Johnson v. Brewster, 521 F.2d 556 (8th Cir. 1975).

18/19.  It may be remembered that in <u>Giles v. Maryland</u>, 386 U.S. 66 (1972), the Supreme Court reversed where evidence of the witness's admission to a psychiatric ward because of an attempted suicide shortly after the offense was withheld.  Other cases indicating evidence of mental impairment must be disclosed include <u>Powell v. Wiman,</u> 287 F.2d 275 (5th Cir. 1961) and <u>United States v. Bernard,</u> 625 F.2d 854, 858-859 (9th Cir. 1980).

20.  It is also noted that the Ninth Circuit has ruled that government suppression of possible exculpatory evidence denies a defendant due process and no showing of prejudice is required.  <u>Hillard v. Spalding,</u> 719 F.2d 1443 (9th Cir. 1983).

21.  By this request, defendant wishes to make clear that they are <u>specifically</u> requesting that with respect to each item of discovery in this motion the government ascertain whether they have arguably exculpatory information.  Thus, whether or not this Court actually grants a particular discovery request makes no difference.  Through their requests, whether granted or not, the defendant has indicated specific areas wherein they are requesting <u>Brady</u> material.

22.  In <u>United States v. Richter,</u> <u>supra</u>, the court ruled:

> "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute.  As the rules do not contain provisions pertaining to the divulgence of names or prospective witnesses, ordering their production is not inconsistent with the rules ... [or] statute.... Therefore, we are not disposed to hold that the district court may never order the government to divulge  names of prospective witnesses." 488 F.2d at 173-174.

23.  It is now clear that the better practice is to turn over Jencks Act material sufficiently in advance of trial to obviate the need for trial interruptions after a witness has testified on direct.  <u>United States v. Campagnuolo,</u> 59 F.2d 852 858 fn. 3 (5th Cir. 1979); therefore, this Court should order pretrial disclosure of the witnesses' statements.

24. Defendant relies on the Jencks Act to support this request introduced, those which possibly may be introduced, and those which are not anticipated to be introduced. If this designation does not come to fruition, the defendant stands upon his initial request for the reasons set forth in authorities in support of the request.

25. Rule 12(d)(2) requires that the government give "notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to prescribed in Rule 16" "in order to afford [the defendant] an opportunity to move to suppress evidence under subdivision (b)(3) of this rule..." Of course, subdivision (b)(3) of Rule 12 requires motions to suppress evidence to "be raised before trial by motion."

Quite obviously, however, the defendant can not be held to the strictures of Rule 12 if he is unaware of the evidence subject to a suppression motion. In this regard, it appears that much of the documentary evidence was actually obtained but searches and seizures conducted pursuant to warrants. Defendant specifically requests that the government reveal whether any of their anticipated documentary evidence was seized directly by one of these searches and seizures or is the fruit of such a search and seizure.

26. The government should disclose whether there has been any electronic surveillance in this cause in order that the defendant can determine whether a motion to suppress evidence obtained from such surveillance should be made. See generally Alderman v. United States, 394 U.S. 165 (1969).

27. This request parallels the requirements of Rule 16(a)(1)(B).

28. Fed. R. Evid. 404(b) allows the introduction of evidence of illegal acts not charged in the indictment for the purpose of proving motive, opportunity, preparation, plan, knowledge, identify, or absence of mistake or accident. Although 404(b) does not require that advance

notice be given when such evidence will be shown at trial, the court has power to require pretrial disclosures respecting such evidence.

The use of a pretrial motion in-limine to suppress this sort of evidence has been authorized in United States v. Cook, 608 F.2d 1175, 1183-1187 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034 (1980). Obviously the defendant can not utilize this procedure and protect their Fifth and Sixth Amendment rights without pretrial disclosure of such evidence. See also Request No. 13, supra. Therefore, discovery of the evidence should be ordered.

29. Under Roviaro v. United States, 353 U.S. 53 (1957), these informants and their whereabouts, United States v.Hernandez, 608 F.2d 741, 745 (9th Cir. 1979), must be disclosed. Percipient witnesses are not the property of either party, Gregory v. United States, 389 F.2d 185-188 (D.C., Cir. 1966), and their existence should be disclosed in order to preserve defendants' Fifth and Sixth Amendment rights. United States v. Kearny, 436 F. Supp. 1108,1112 (S.D.N.Y. l977).

30. Under United States v. Harris, 543 F.2d 1247 (9th Cir. l976) and United States v. Johnson, 521 F.2d l381 (9th Cir. 1975) raw of rough notes of interviews of government witnesses must be preserved since they are prior statements of the witnesses subject to production under the Jencks Act. The failure to preserve and produce the notes is subject to sanctions including the exclusion of the testimony of the witness. Id. In order to prevent disputes respecting this matter, the Court should order the preservation of all such notes. Further, to facilitate resolution of any potential disputes at this juncture, the government should be required to indicate whether any such notes have been destroyed.

31. "(B) road discovery contributes to the fair and efficient administration of criminal

justice by providing the defendant with enough information to make an informed decision as to a plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." This is the ground upon which the American Bar Association Standards Relating to Discovery and Procedure Before Trial (Approved Draft, 1970) has unanimously recommended broader discovery. Notes of Advisory Committee On Rules, 1974 Amendment of Rule 16(a) (1) (A), West 1985 Federal Criminal Code and Rules Pamphlet, p.71 (1985).

## II.
## LEAVE TO FILE FURTHER MOTIONS

As new information comes to light, due to the government providing discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. Defense counsel therefore requests the opportunity to file further motions based upon information gained through the discovery process.

## III.
## CONCLUSION

For the foregoing reasons, the defendant, Christian Gutierrez, respectfully requests that this Court grant the motions listed above.

Respectfully submitted,

Dated: April 28, 2008                           s/William R. Burgener
                                                WILLIAM R. BURGENER
                                                Attorney for Defendant
                                                CHRISTIAN GUTIERREZ